# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BLAKE J. WATTERSON, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:23-cv-00080 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| BUREAU OF ALCOHOL, TOBACCO, | § | |
| FIREARMS AND EXPLOSIVES et al., | § | |
| | § | |
| *Defendants.* | | |

## ORDER

Pending before the Court are Plaintiff's Motion for Summary Judgment (Dkt. #6), Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #7), Plaintiff's Emergency Motion for Expedited Consideration of Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #8), and Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #11). Having considered the motions and relevant pleadings, the Court finds that Plaintiff's Emergency Motion for Expedited Consideration of Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #8) should be **GRANTED in part**, and Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #11) should be **GRANTED.**

Though the Court finds that Plaintiff has shown his motion should be considered on an expedited basis, the Court will not grant Plaintiff's proposed deadline of March 2, 2023, for the Court to issue an order on these matters. The compliance date for the relevant federal rule is not until May 31, 2023, so the March 2 deadline proposed by Plaintiff seems unnecessary here. *See*

"Factoring Criteria for Firearms with 'Attached Stabilizing Braces,'" 88 Fed. Reg. 6,478 (Jan. 31, 2023) (stating a compliance date of May 31, 2023). While it is true that the rule also provides that the "ATF may enforce the [National Firearms Act] against any person . . . any time after the publication date of this rule," the rule also states that the Department of Justice "will wait to actually initiate such enforcement actions for at least 60 days from the publication of the rule in the Federal Register." 88 Fed. Reg. at 6,481. Notably, the publication date for the rule was January 31, 2023, which means the Department of Justice will not actually enforce the relevant regulation until April 1, 2023. *See* 88 Fed. Reg. at 6,478. Therefore, in order to give proper consideration to this matter, the Court will decide Plaintiff's motion on an expedited basis but will set the deadline for the relevant order to be March 24, 2023. Relatedly, the Court finds that Defendants should be granted their requested extension to file a response to Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction. If the Court finds a hearing should be set in this matter, it will notify the parties at the appropriate time.

It is therefore **ORDERED** that Plaintiff's Emergency Motion for Expedited Consideration of Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #8) is hereby **GRANTED in part**. It is further **ORDERED** that Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #11) is hereby **GRANTED.**

The Court sets the following briefing schedule:

- Defendants' response is due on or before February 23, 2023;
- Plaintiff's reply is due on or before February 27, 2023; and
- Defendants' sur-reply is due on or before March 3, 2023.

The Court will issue an order on Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #8) on or before March 24, 2023. If the Court finds a hearing is necessary to decide Plaintiff's motion, it will notify the parties.

**IT IS SO ORDERED.**

SIGNED this 9th day of February, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE