IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BLAKE J. WATTERSON; § § *Plaintiff,* § § v. § § BUREAU OF ALCOHOL, TOBACCO, § FIREARMS AND EXPLOSIVES; § § STEVEN DETTELBACH, in his § official capacity as Director of the § Bureau of Alcohol, Tobacco, Firearms § and Explosives; § § UNITED STATES DEPARTMENT § OF JUSTICE; § § MERRICK GARLAND, in his official § capacity as Attorney General of the § United States; and § § UNITED STATES OF AMERICA, § § *Defendants.* § | Civil Action No. 4:23-cv-00080 |

**PLAINTIFF'S REPLY IN SUPPORT
OF HIS MOTION FOR RELIEF UNDER 5 U.S.C. § 705 OR,
<u>ALTERNATIVELY, FOR A PRELIMINARY INJUNCTION</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS ............................................... 2

    A. The Rule and Statutes (If the Rule Is a Proper Interpretation) Violate the Second Amendment .............................................................. 2

    B. The Rule Violates Non-Delegation Principles .......................................... 3

    C. The Rule Exceeds the Department's Statutory Authority ..................... 3

II. PLAINTIFF WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF RELIEF ......... 5

III. THE BALANCE OF THE EQUITIES AND PUBLIC INTEREST FAVOR PLAINTIFF .......... 5

CERTIFICATE OF SERVICE ............................................................................................... 7

# TABLE OF AUTHORITIES

*Cases:*

*District of Columbia v. Heller,*
    554 U.S. 570 (2008) ................................................................................................ 2

*Ezell v. City of Chicago,*
    651 F.3d 684 (7th Cir. 2011) .................................................................................. 2

*Heller v. District of Columbia,*
    670 F.3d 1244 (D.C. Cir. 2011) .............................................................................. 2

*Jarkesy v. SEC*,
    34 F.4th 446 (5th Cir. 2022) ................................................................................... 3

*N.Y. State Rifle & Pistol Ass'n v. Bruen,*
    142 S. Ct. 2111 (2022) ........................................................................................ 2, 3

*Rigby v. Jennings,*
    No. 21-1523, 2022 U.S. Dist. LEXIS 172375 (D. Del. 2022) ............................... 2

*United States v. Rahimi,*
    No. 21-11001, 2023 U.S. App. LEXIS 2693 (5th Cir. 2023) .............................. 2, 3

*Vanderstok v. Garland,*
    No. 4:22-CV-00691, 2022 U.S. Dist. LEXIS 180398 (N.D. Tex. 2022) .............. 5

*West Virginia v. EPA,*
    142 S. Ct. 2587 (2022) ............................................................................................ 4

*Wilder v. Stephen F. Austin State Univ.,*
    552 F. Supp. 3d 639 (E.D. Tex. 2021) ................................................................... 5

*Statutes:*

5 U.S.C. § 705 .................................................................................................................. 5

26 U.S.C. § 5845 .............................................................................................................. 1

26 U.S.C. § 7805 .............................................................................................................. 4

*Regulations:*

*Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg.
    6,478 (Jan. 31, 2023) ......................................................................................... 1, 2

The defendants (collectively, the "Department) cannot rebut Plaintiff Watterson's showing that the Court should postpone or stay the final rule's effective date or, alternatively, grant a preliminary injunction. Accordingly, the Department resorts to mischaracterizing Watterson's arguments and the final rule, along with disregarding binding case law. The Court should not be taken in by this misdirection.

To address a misrepresentation infecting the entire response: Watterson has no means of lawfully possessing—right now—a pistol equipped with a stabilizing brace under the rule.[1] Watterson did not possess a pistol with an *attached* stabilizing brace when the rule was published. *See Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) (the "Rule"); § 705 Mot., ECF No. 7 at 2; Summ. J. Mot., ECF No. 6 at 5, Ex. 3 at ¶ 14. The Rule's "enforcement discretion" scheme thus does not apply to Watterson because it applies only to possessors of a pistol with an *attached* stabilizing brace on its publication date. *See, e.g.*, Rule, 88 Fed. Reg. at 6,480-81; § 705 Mot. at 2; Summ. J. Mot. at 4-5, Ex. 15 at MSJ_041 ("The tax forbearance only pertains to firearms with an attached 'stabilizing brace' in your possession at the time the final rule is published."); Compl., ECF No. 1 at 28-31. That means Watterson cannot possess a pistol with an attached stabilizing brace *today* (by attaching his stabilizing brace or purchasing a pistol with a brace attached) without risking a 10-year prison sentence. *See* Rule, 88 Fed. Reg. at 6,481 (explaining "the 120-day compliance period" does not apply "with respect to any new making" of "a weapon with an attached 'stabilizing brace'" and that "any person" who "any time after the publication date" "newly makes" such a weapon may

---

[1] The response contains too many mischaracterizations to address them all, which may make an oral hearing helpful. Regardless, the Court should not be misled into thinking the image (at 16) showing a gun with a silencer and vertical fore-grip (which would subject that gun to additional restrictions, 26 U.S.C. § 5845(a); NFA Handbook § 2.1.5, https://perma.cc/P3NL-G35G) is an accurate depiction of Watterson's pistol. Nor should it believe that Watterson thinks that his gun (if he attached the brace) would be intended for shoulder fire. *See* Summ. J. Mot. Ex. 3 at ¶¶ 10-12, 19.

be prosecuted); Summ. J. Mot. Ex. 3 at ¶¶ 26-27, 29-31.[2] Watterson therefore suffers a daily deprivation of his Second Amendment rights, which is irreparable harm.

Not only has Watterson shown irreparable harm, but he has also shown he is likely to succeed on his claims. He has likewise shown the equities and public interest weigh in favor of granting relief. The Court should grant the § 705 Motion.

I.   **PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.**

   **A. The Rule and Statutes (If the Rule Is a Proper Interpretation) Violate the Second Amendment.**

The Department misunderstands the Second Amendment's scope and the analytical approach dictated by *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Rule (and statutes if the Rule properly interprets them) regulates conduct protected by the Second Amendment. The Rule currently prevents Watterson from making or possessing an arm that "facilitate[s] armed self-defense," *id.* at 2132—a pistol with a stabilizing brace (*i.e.* a short-barreled rifle under the Rule). *See* § 705 Mot. at 1-5; *United States v. Rahimi*, No. 21-11001, 2023 U.S. App. LEXIS 2693, at *14 (5th Cir. 2023) ("possession of a pistol and a rifle easily falls within the purview of the Second Amendment"); *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011) (right to make self-defense effective); *Rigby v. Jennings*, No. 21-1523, 2022 U.S. Dist. LEXIS 172375, at *18-19 (D. Del. 2022) (right to manufacture). And Watterson's ability to possess another type of weapon—a pistol—does not alter the analysis. *See District of Columbia v. Heller,* 554 U.S. 570, 629 (2008); *Heller v. District of Columbia*, 670 F.3d 1244, 1289 (D.C. Cir. 2011) (Kavanaugh, J., dissenting).

That means the Department "bears the burden" of showing the Rule's (and the statutes') restrictions are consistent with historical tradition whether those restrictions are a complete ban or a ban on possession until a person applies to

---

[2] Although the Department may wait until 60 days after the Rule's publication to begin prosecution, it could subsequently prosecute Watterson if he had attached his stabilizing brace to his pistol during those 60 days. *See* Rule, 88 Fed. Reg. at 6,481.

2

register, waits for approval, and pays a tax. *See Bruen*, 142 S. Ct. at 2122, 2130; *Rahimi*, 2023 U.S. App. LEXIS 2693 at *6. The Department fails to carry its burden. *See* § 705 Mot. at 5; Summ. J. Mot. at 13-15. It cannot point to historical analogues that similarly restrict the right to *make* or *possess* a gun for self-defense in the home. Instead, it cites dissimilar restrictions (at 31-33)—many of which dated far after ratification—that required licenses (or taxes) to hunt or to *sell* or publicly *carry* certain firearms, assessed racially motivated taxes, or imposed restrictions so communities would have adequate operational weapons and powder for defense.

Nor can the Department evade its burden by falsely claiming pistols with braces are dangerous and unusual weapons that fall outside the Second Amendment's scope based on "obsolete" precedent. *See Rahimi*, 2023 U.S. App. LEXIS 2693, at *6-7 ("*Bruen* clearly fundamentally change[d] our analysis of laws that implicate the Second Amendment, rendering our prior precedent obsolete." (quotation omitted)). In any event, its own argument (at 30) further demonstrates that pistols with stabilizing braces and short-barreled rifles are not unusual because they are possessed in at least 46 states. *See* § 705 Mot. at 4; Summ. J. Mot. at 11-12, Ex. 12 at MSJ_033.

### B. The Rule Violates Non-Delegation Principles.

Although the Department claims (at 33) the statutes provide "intelligible standards," it points to nothing in the statutes that restricts its discretion. This "total absence of guidance is impermissible under the Constitution" and the Fifth Circuit's opinion in *Jarkesy v. SEC*, 34 F.4th 446, 462 (5th Cir. 2022), which could be why the Department ignores *Jarkesy*'s existence. And the lack of guidance here is especially unacceptable when unelected bureaucrats are exercising the exclusive legislative power of making policy decisions that could subject over a million Americans to 10 years' imprisonment. *See* § 705 Mot. at 2, 6-8; Summ. J. Mot. at 19-24.

### C. The Rule Exceeds the Department's Statutory Authority.

The Rule is a legislative, substantive rule that rewrites the statutes, including

by creating a compliance scheme,³ and decides millions of Americans are guilty of felonies. *See* § 705 Mot. at 2, 8; Summ. J. Mot. at 24-25, 8-9. Such a transformative policy decision—with criminal consequences for millions—is one of vast "political significance" and of "highly consequential power," making the major question doctrine applicable and fatal to the Rule. *See West Virginia v. EPA*, 142 S. Ct. 2587, 2608-09 (2022). The Department's contrary arguments (at 22) are wrong as are its suggestions the Rule lacks economic significance, is not novel, or does not intrude on an area of state regulation: the police power. *See* § 705 Mot. at 8-9; Summ. J. Mot. at 24-25; Compl. at 39-40; Final Reg. Analysis at 63, 67, https://tinyurl.com/2zdw3rmn.

In any event, the Department lacks the authority to expand definitions and criminal liability. *See* § 705 Mot. at 9-10; Summ. J. Mot. at 25-29. As the Department previously recognized, the statutory definitions exclude pistols with stabilizing braces that are designed to brace weapons against forearms;⁴ they cannot mean that 99% of pistols with stabilizing braces are short-barreled rifles that are *intended* to be fired

---

³ Contrary to the response (at n.8), Watterson does not challenge the compliance options for harming him. Rather the fact "the Department lacks the authority to provide compliance options that are outside the statutory scheme" further proves the Rule exceeds its statutory authority. § 705 Mot. at 8-10. Moreover, Watterson supported this argument, such as by citing (at 10) ATF materials recognizing the statutes do not provide a "mechanism for a possessor to register an unregistered NFA firearm already possessed by the person," Summ. J. Mot. Ex. 13 at MSJ_034, and a case explaining agencies cannot edit statutes to mitigate the unreasonableness of their interpretations. Nor does authority to make revenue regulations retroactive under 26 U.S.C. § 7805(b) show the Department can confer lawful-possession status in violation of statutory requirements it claims apply.

⁴ Watterson never argued "all pistols equipped with stabilizing braces are 'necessarily exclude[d]' from the definition of 'rifle;'" purported braces are "categorically" designed to be fired from the forearm; a manufacturer's description is determinative; or objective design features are irrelevant. Opp. at 17-20. Instead, he argued (and showed) that braces designed to brace a weapon against a forearm (like his) are not shoulder stocks that transform a pistol into a rifle and that the Rule's factors do not objectively show a gun is a rifle: a weapon "*designed and intended* to be fired" from the shoulder. *See* § 705 Motion at 1, 8-9; Summ. J. Mot. at 2, 25-27, Exs. 3-9.

4

from the shoulder like the Department now claims. *See* Final Reg. Analysis at 21, https://tinyurl.com/2zdw3rmn; Rule, 88 Fed. Reg. at 6,480. The Rule therefore rewrites the statutes and exceeds the Department's authority.

## II.   PLAINTIFF WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF RELIEF.

Absent relief, Watterson faces irreparable harm and a credible prosecution risk. *See* § 705 Mot. at 1-2, 10-11; *supra* pp. 1-2. Even alleged constitutional harm can constitute irreparable harm. *See Vanderstok v. Garland*, No. 4:22-CV-00691, 2022 U.S. Dist. LEXIS 180398, at *14 (N.D. Tex. 2022). And "it is no answer to say that [he] may avoid the harm by complying with an unlawful agency rule" and enduring a tax, lengthy waiting period, and ongoing burdens on a registered weapon. *Id.* at *26 (quotation omitted); *see* § 705 Mot. at 2; Summ. J. Mot. at 2, 5, Ex. 3 at ¶¶ 26-31.

## III.  THE BALANCE OF THE EQUITIES AND PUBLIC INTEREST FAVOR PLAINTIFF.

It is in the public interest to stay the Rule and stop constitutional violations. *See* § 705 Mot. at 11-13. Nor has the Department offered offsetting factors that outweigh this interest. It does dispute that—despite millions of braces—it cites "only two crimes and less than 300 investigations" involving pistols with braces in a decade. *Id.* at 13. And it does not explain how the Rule makes anyone safer by requiring those who already possess such weapons (or wish to attach braces they own to their weapons) to file for registration or risk prosecution while litigation is pending. After all, allowing registration of already-possessed weapons does not align with the statute, which requires registration *before* possession. *See supra* n.3.

Therefore, the Court can and should, postpone or stay the Rule's effective date or grant an injunction. *See* § 705 Mot. at 13-15. The Department forfeited any arguments that the Court cannot (1) postpone the effective date if the true effective date has not passed or (2) stay the effective date and set a new one "to preserve status or rights pending conclusion of the review proceedings," 5 U.S.C. § 705; *see Wilder v. Stephen F. Austin State Univ.*, 552 F. Supp. 3d 639, 657 (E.D. Tex. 2021).

Date: February 27, 2023,   Respectfully submitted,

*/s/Autumn Hamit Patterson*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
AUTUMN HAMIT PATTERSON
Texas Bar No. 24092947
apatterson@texaspolicy.com
CLAYTON WAY CALVIN
Texas Bar No. 24132780
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Facsimile:   (512) 472-2728

*Counsel for Plaintiff*

6

## CERTIFICATE OF SERVICE

    I certify that on February 27, 2023, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/Autumn Hamit Patterson*
AUTUMN HAMIT PATTERSON
