IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BLAKE J. WATTERSON; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00080 |
| | § | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; | § | |
| | § | |
| STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; | § | |
| | § | |
| UNITED STATES DEPARTMENT OF JUSTICE; | § | |
| | § | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States; and | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Watterson files this notice of supplemental authority in support of his Motion for Relief under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction, ECF No. 7 ("§ 705 Motion"), and his Motion for Summary Judgment, ECF No. 6. Today, the Fifth Circuit issued its decision in *Mock v. Garland* regarding the same rule that Watterson challenges, ATF, *Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) (the "Rule"). *See* Ex. 1. As explained below, the *Mock* decision supports Watterson's arguments, but it ends this

Court's preliminary injunction and does not provide *any* relief to Watterson. Watterson therefore respectfully renews his request that this Court grant his § 705 Motion, schedule a hearing on his summary-judgment motion, and issue a decision on the merits expeditiously.

On Jan. 31, 2023, Watterson filed this suit and a summary-judgment motion. *See* Compl, ECF No. 1 (Jan. 31, 2023); Mot. for Summ. J., ECF No. 6 (Jan. 31, 2023). Shortly thereafter, Watterson filed the § 705 Motion and requested expedited consideration. *See* § 705 Mot., ECF No. 7 (Feb. 2, 2023); Emerg. Mot. for Expedited Consideration, ECF No. 8 (Feb. 7, 2023). That motion for expedited consideration was partially granted, and this Court stated that it would "issue an order" on Watterson's § 705 Motion "on or before March 24, 2023." Order, ECF No. 18 (Feb. 9, 2023), at 3.

On May 23, 2023, before this Court ruled on the § 705 Motion or summary-judgment motion, the Fifth Circuit preliminarily enjoined the enforcement of the Rule against the *Mock* plaintiffs pending appeal. *See* Pl.'s Notice of Supp. Authority, Ex. 1, ECF No. 33-1 (May 23, 2023). In light of that ruling, this Court granted Watterson a preliminary injunction "pending resolution of the Fifth Circuit's decision in *Mock v. Garland*." Order, ECF No. 37 (June 7, 2023) (the "June 7th Order"), at 2. This Court also ordered briefing "addressing whether the Court should stay this action until the Fifth Circuit's decision." *Id.* at 3. Watterson explained that staying the case was unwarranted, that the summary-judgment motion was "ripe for resolution," and that deciding this case on the merits "quickly would promote judicial efficiency, conserve resources, and serve the public interest." Br. Opposing Stay, ECF No. 38 (June 21, 2023), at 1. Watterson also detailed how he continued to suffer daily irreparable harm, even with the preliminary injunction in place, because the Court did not "stay the Rule or enjoin the Department from enforcing the statutes in accordance with the Department's erroneous interpretation of those statutes." *Id.* at 9. This Court did not stay the case pending the resolution of the *Mock* appeal.

Today's *Mock* decision necessitates immediate relief for Watterson and further demonstrates that Watterson is entitled to his requested preliminary relief and to summary judgment. *First*, the decision has exacerbated Watterson's need for relief. In *Mock*, the Fifth Circuit concluded that the *Mock* plaintiffs are likely to succeed on the merits and reversed the district court's contrary conclusion. *See* Ex. 1 at 23, 38. The Fifth Circuit, however, did not consider the other preliminary-injunction factors or issue a nationwide injunction. *Id.* at 38. Instead, it maintained its limited preliminary injunction for the *Mock* plaintiffs[1] and remanded the case to the district court to assess the remaining preliminary-injunction factors in the first instance. *See id.* at 38-40. The Fifth Circuit's decision accordingly does not provide *any* relief to Watterson. What is more, this Court's preliminary injunction has ended because the Court tied its duration to the resolution of the *Mock* appeal. *See* June 7th Order at 2. Watterson is therefore suffering irreparable harm that calls for immediate relief. *See* § 705 Mot. at 10-11; § 705 Reply, ECF No. 25 (Feb. 27, 2023), at 1-2, 5; Br. Opposing Stay at 8-11.

*Second*, *Mock* supports Watterson's arguments in the § 705 Motion and summary-judgment motion. In *Mock*, the Fifth Circuit concluded that the *Mock* plaintiffs were likely to succeed on their claim that the Rule violates the procedural and substantive requirements of the Administrative Procedure Act. *See* Ex. 1 at 23. Although Watterson did not assert that same claim, the Fifth Circuit nonetheless provided important guidance in reaching that conclusion. For starters, the Fifth Circuit confirmed that the Rule "is a legislative rule," *id.* at 23-31, as Watterson argued, Mot. for Summ. J. at 8-9, 25-29; § 705 Mot. 14-15, § 705 Reply at 3-4, and the

---

[1] The limited injunctive relief also applies to individual *Mock* plaintiffs' "resident family members" and to "the customers and members whose interests Plaintiffs Maxim Defense and Firearms Policy Coalition ("FPC") have represented since day one of this litigation." *See* Notice of Suppl. Auth., Ex. 1, ECF No. 36-1 (June 2, 2023), at 2.

Department has wrongly disputed, § 705 Opp., ECF No. 23 (Feb. 23, 2023), at 36-37, 44-45. In addition, the Fifth Circuit recognized the burdensome nature of the statutory restrictions that the Rule extends to pistols with stabilizing braces. *See* Ex. 1 at 2, 6-7, 9; *see also* Mot. for Summ. J. at 2-5, 7-8, 14-15; § 705 Mot. at 1-2, 5, 10-11; § 705 Reply at 1-3. The *Mock* decision thus belies the Department's attempt to portray the Rule's burdens as too modest to implicate Second Amendment rights. *See* § 705 Opp. at 25-27; § 705 Surreply, ECF No. 27 (Mar. 3, 2023), at 3. Finally, the *Mock* concurrence rightly "suspect[s] that the Final Rule would likely fail constitutional muster" and criticizes the Department for failing to "identif[y] any historical tradition of requiring ordinary citizens to endure a lengthy, costly, and discretionary approval process just to use accessories that make an otherwise lawful weapon *safer*." *See* Ex. 1 at 41 (Willett, J., concurring).

Therefore, the recent *Mock* decision provides further support for Watterson's arguments that the Rule is unconstitutional and exceeds the Department's statutory authority. Watterson respectfully requests that the Court grant his § 705 Motion and summary-judgment motion as soon as possible to prevent additional irreparable harm.

- 5 -

Date: August 1, 2023                                    Respectfully submitted,

                                                 */s/ Autumn Hamit Patterson*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
AUTUMN HAMIT PATTERSON
Texas Bar No. 24092947
apatterson@texaspolicy.com
CLAYTON WAY CALVIN
Texas Bar No. 24132780
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:  (512) 472-2700
Facsimile:   (512) 472-2728

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on August 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using this Court's CM/EMF system, which will notify all counsel of record of such filing.

*/s/Autumn Hamit Patterson*
AUTUMN HAMIT PATTERSON
