IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BLAKE J. WATTERSON; | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-00080 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; | § § § § | |
| STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; | § § § § § § | |
| UNITED STATES DEPARTMENT OF JUSTICE; | § § § | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States; | § § § § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Defendants.* | § | |

## NOTICE OF APPEAL

Pursuant to Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1)(B), Plaintiff Blake Watterson hereby files this notice of appeal to the United States Court of Appeals for the Fifth Circuit from this Court's effective denial of his Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction, ECF No. 7 (Feb. 2, 2023), and his Motion to Reconsider and Modify the Court's June 7, 2023 Order, ECF No. 42 (Aug. 9, 2023), including its orders that terminated the temporary

injunction on September 25, 2023, when the Fifth Circuit issued the mandate in *Mock v. Garland*. *See* ECF Nos. 37, 44.

Under 28 U.S.C. § 1292(a)(1), the Fifth Circuit "may review a district court's order that, while not explicitly denying a preliminary injunction, 'nonetheless ha[s] the practical effect of doing so' and might cause irreparable harm absent immediate appeal." *Clarke v. CFTC*, 74 F.4th 627, 635 (5th Cir. 2023) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981)); *see Thomas v. Sch. Bd. St. Martin Par.*, 756 F.3d 380, 384 (5th Cir. 2014) (explaining 28 U.S.C. § 1292(a)(1) "applies to orders that explicitly grant, continue, modify, refuse, or dissolve injunctions or that refuse to dissolve or modify injunctions, as well as to those that have the practical effect of doing so"). Similarly, a court of appeals may review a district court's refusal to grant or modify an injunction even when there is not a formal order. *See* 11A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2962 (3d ed.) ("[W]hen a court declines to make a formal ruling on a motion for a preliminary injunction, but its action has the effect of denying the requested relief, its refusal to issue a specific order will be treated as equivalent to the denial of a preliminary injunction and will be appealable."); *United States v. Lynd*, 301 F.2d 818, 822 (5th Cir. 1962) (concluding that, even though "the trial judge did not enter a formal order 'refusing' a temporary injunction," his failure "to grant the temporary injunction constituted an 'interlocutory order of the district court . . . refusing . . . an injunction'" and was "appealable" (quoting 28 U.S.C. § 1292)).

On February 2, 2023, Watterson filed a motion for a stay under § 705 or a preliminary injunction. *See* ECF No. 7. That motion was fully briefed as of March 3, 2023, *see* ECF Nos. 7, 23, 25, 27, and the Court stated it would issue a decision "on or before March 24, 2023," ECF No. 18 at 2. The Court, however, did not do so. 75 days after its own self-imposed deadline, the Court had still not acted. It then issued a

temporary injunction on June 7, 2023, which was set to elapse once the Fifth Circuit issued its opinion in *Mock v. Garland*. *See* ECF No. 37.

Watterson subsequently filed a motion to modify the June 7th injunction, urging the Court to modify its order. *See* ECF No. 42. The Court has not done so, even though (1) the Court clarified that the injunction would terminate when "the Fifth Circuit's mandate issues in *Mock v. Garland*," *see* ECF No. 44 at 2, (2) the *Mock* mandate has issued, *see* ECF No. 49-1, and (3) Watterson has informed the Court of the issuance of the *Mock* mandate, *see* ECF No. 49. Because there is no injunction or other relief in effect since the *Mock* mandate issued, the Court has effectively denied Watterson's motion for a preliminary injunction and has refused to modify the temporary injunction. As a result, Watterson suffers serious, irreparable harm that necessitates and justifies an interlocutory appeal under Fifth Circuit precedent. Watterson accordingly now notices this appeal.

Date: September 26, 2023  Respectfully submitted,

*/s/Autumn Hamit Patterson*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
AUTUMN HAMIT PATTERSON
Texas Bar No. 24092947
apatterson@texaspolicy.com
CLAYTON WAY CALVIN
Texas Bar No. 24132780
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using this Court's CM/EMF system, which will notify all counsel of record of such filing.

*/s/Autumn Hamit Patterson*
AUTUMN HAMIT PATTERSON
