# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BLAKE WATTERSON,            § <br> § <br> *Plaintiff,*        § <br> v.                  § <br> § <br> BUREAU OF ALCOHOL, TOBACCO, § <br> FIREARMS AND EXPLOSIVES et al., § <br> § <br> *Defendants.* | Civil Action No. 4:23-cv-00080 <br> Judge Mazzant |

## ORDER

On June 7, 2023, the Court granted, in part, Plaintiff's Motion for Relief Under 5 U.S.C. § 705 or, Alternatively, for a Preliminary Injunction (Dkt. #37) which enjoined Defendants from enforcing the Final Rule against Plaintiff. The preliminary injunction was to remain in effect pending resolution of the Fifth Circuit's decision in *Mock v. Garland*.

Now pending before the Court is Plaintiff's Motion to Reconsider and Modify the Court's June 7, 2023 Order (Dkt. #42). Previously, the Court granted Plaintiff's Emergency Motion for Expedited Consideration of the Motion to Reconsider and Modify the Court's June 7, 2023 Order, or in the alternative, Expedited Consideration of Plaintiff's Motion for Summary Judgment (Dkt. #44) finding that Plaintiff had established a likelihood of success on the merits on its claim under the Administrative Procedure Act and requesting additional briefing that focused on the irreparable-harm, balance-of-equities, and public-interest factors pertaining to Plaintiff's motion for a preliminary injunction (Dkt. #7). Plaintiff filed its Supplemental Brief on August 21, 2023 (Dkt. #45). Defendants filed their Response on August 28, 2023 (Dkt. #47). Plaintiff filed its Reply on August 30, 2023 (Dkt. #48). At that time, the Court began evaluating the merits of Plaintiff's

motion to reconsider and modify.

Less than one month later, on September 25, 2023, Plaintiff filed a Notice of Mandate Issuance (Dkt. #49) notifying the Court that the mandate issued in *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023) that day. The following day, Plaintiff filed its Notice of Appeal (Dkt. #51).

As the Fifth Circuit has made clear, a notice of appeal from an interlocutory order "divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). Consequently, this Court no longer has jurisdiction to consider the merits of Plaintiff's request for reconsideration and modification of the injunctive relief previously granted.

**SIGNED this 11th day of October, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE