# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BLAKE WATTERSON, | § | |
| *Plaintiff,* | § § § | Civil Action No. 4:23-cv-00080 |
| v. | § § | Judge Mazzant |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES et al., | § § § § | |
| *Defendants.* | | |

## ORDER

Pending before the Court is Plaintiff's Motion to Reconsider and Modify the Court's June 7, 2023 Order (Dkt. #42). Due to recent developments in the law, the Court finds that additional briefing from the parties is necessary to make its determination regarding Plaintiff's motion.

The Administrative Procedure Act ("APA") authorizes a court to stay an agency rule in its entirety. *See* 5 U.S.C § 705 (authorizing courts "to postpone the effective date of an agency action"). Indeed, under 5 U.S.C. § 705:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C. § 705. Such a stay is a "temporary form of vacatur." *All. for Hippocratic Med. v. U.S. Food & Drug Admin.*, 78 F.4th 210, 254 (5th Cir. 2023). The stay "does not order the defendant to do anything; it only removes the source of the defendant's authority." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 428–29 (2009)). Further, the stay "effectively rescinds the unlawful agency action" and "temporarily voids the challenged authority." *Id.*

1

In *Britto*, three marines brought suit against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), claiming that the rule promulgated by the ATF, Factoring Criteria for Firearms With Attached "Stabilizing Braces," 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Final Rule"), "(1) violates the Second Amendment; (2) violates separation of powers and nondelegation principles; (3) conflicts with the NFA's definition of 'rifle'; (4) is arbitrary and capricious under the [APA]; and (5) is void for vagueness." *Britto v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 2:23-CV-019-Z, 2023 WL 7418291, at *2 (N.D. Tex. Nov. 8, 2023). The plaintiffs requested that the court "enter an injunction prohibiting [d]efendant from enforcing the [Final Rule]." Pls.' Br. in Supp. of Mot. for Prelim. Inj. at 31, *Britto*, No. 2:23-CV-019-Z (Feb. 7, 2023), Dkt. No. 15. The court only addressed the plaintiffs' arbitrary and capricious claim. *Britto*, 2023 WL 7418291, at *3. The court reasoned that the plaintiffs demonstrated a likelihood of success on the merits of their APA claim because the Fifth Circuit found that the Final Rule violates the APA in *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). *Id.* The court applied the reasoning of the Fifth Circuit in *Mock* by equating an arbitrary and capricious claim under the APA with a logical outgrowth claim under the APA. *See id.*

Next, the court analyzed each of the remaining preliminary injunction factors. *Id.* at *4–5. The court found that irreparable harm existed "in the form of nonrecoverable compliance costs." *Id.* at *4. Further, the court found that the third and fourth factors favored the plaintiffs because "no public interest [exists] in the perpetuation of unlawful agency action." *Id.* at *5 (internal citations omitted). The court then granted the plaintiffs' motion and stayed the Final Rule "in its entirety" pursuant to 5 U.S.C. § 705 ("*Britto* Stay"). *Id.* at *5.

2

In light of the *Britto* Stay, the Court hereby **ORDERS** the parties to submit supplemental briefing on whether Plaintiff's Motion to Reconsider and Modify the Court's June 7, 2023 Order (Dkt. #42) is now moot or otherwise impacted. The parties shall file supplemental briefing by 5:00 p.m. on February 23, 2024.

**IT IS SO ORDERED.**

SIGNED this 16th day of February, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE