IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BLAKE J. WATTERSON, *Plaintiff*, v. BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, *Defendants*. | No. 4:23-cv-80-ALM |

**DEFENDANTS' SUPPLEMENTAL BRIEF**

In response to the Court's Order, Defendants hereby provide this supplemental brief regarding whether Plaintiff's Motion to Reconsider and Modify the Court's June 7, 2023 Order, ECF No. 42 ("Mot."), "is now moot or otherwise impacted." Order at 3, ECF No. 56.

As this Court is aware, on August 9, 2023, Plaintiff filed his Motion following the Fifth Circuit's decision in *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). *See generally* Mot. Plaintiff requested that "the Court modify its order to stay the Rule and preliminarily enjoin [ATF] from enforcing the federal firearms statutes against Watterson in accordance with [ATF's] erroneous interpretation of those statutes pending resolution of this case on the merits." *Id.* at 1.[1] Before the Court could rule on the Motion, Plaintiff appealed from what he described as the Court's "effective denial" of the Motion. ECF Nos. 50, 51. On November 29, 2023, the Fifth Circuit remanded the matter to this Court "for the limited purpose of allowing the district court to rule expeditiously on the plaintiff's pending motion." *See* USCA Order at 2, ECF No. 54.

---

[1] Plaintiff is referring to ATF's final rule, *Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023) ("Rule").

Since Plaintiff filed his Motion, preliminary relief has been granted in related proceedings that may independently affect Plaintiff's claims of imminent, irreparable harm. Specifically, on November 8, 2023, the U.S. District Court for the Northern District of Texas stayed the Rule in its entirety pursuant to 5 U.S.C. § 705—the same relief sought in Plaintiff's Motion.[2] *See Britto v. ATF*, No. 2:23-cv-019-Z, 2023 WL 7418291, at *5 (N.D. Tex. Nov. 8, 2023); *see also* Mot. at 5. Because the Rule is stayed nationwide, ATF is not enforcing it, and Plaintiff faces no risk of imminent, irreparable injury (at least while that stay remains in effect).

With that said, the government has appealed the *Britto* decision, and has argued, among other things, that the nationwide relief affecting Plaintiff's claimed irreparable harm should never have been granted.[3] Further, the *Britto* stay is only preliminary relief that expires upon entry of final judgment, and it only covers Plaintiff—albeit improperly in the government's view—while it remains in effect. And the government has separately urged other courts of appeals to affirm favorable decisions regarding the Rule on both the merits and because of a lack of irreparable harm. Appellees' Br., *Miller*

---

[2] Plaintiff's Motion also appears to seek greater relief than his original motion for preliminary relief. Plaintiff's original motion sought only to "postpone the Rule's effective date until 60 days after this case has been resolved on the merits," Pl.'s Mot. for Relief under 5 U.S.C. § 705 or, Alternatively, for a Prelim. Inj. at 14, ECF No. 7, but Plaintiff's Motion requests that the Court stay the operation of the Rule, *see* Mot. at 8. Even under Federal Rule of Civil Procedure 54(b)'s "more flexible" standard governing motions to reconsider interlocutory decisions, to grant Plaintiff relief greater than he initially sought would run contrary to the principle that reconsideration relief should be afforded only "as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337–38 (5th Cir. 2017) (directing district court to weigh "the interests of justice" in considering motion for reconsideration on remand).

[3] For the Court's awareness, in addition to *Britto*, several other appeals addressing similar challenges to the Rule are also pending before the Fifth Circuit. Those appeals have been consolidated and are currently being briefed. *See Second Amendment Found. v. ATF*, No. 23-11157 (5th Cir.). They are likely to address whether preliminary relief based on *Mock* is appropriate in a case without a logical outgrowth claim; whether a § 705 stay was an appropriate remedy; whether plaintiffs have demonstrated injuries constituting irreparable harm; whether the balance of equities weighs against enjoining or staying the Rule; and whether the Rule exceeds the applicable statutory authority or violates the Second Amendment.

*v. Garland*, No. 23-1604 (4th Cir.); Appellees' Br., *Firearms Regulatory Accountability Coalition, Inc. v. Garland*, No. 23-3230 (8th Cir.).

Still, Plaintiff requests extraordinary equitable remedies that require the demonstration of, among other things, "a substantial threat . . . [of] irreparable injury," that is both "likely" and "imminent." *Anibowei v. Morgan*, 70 F.4th 898, 902–03 (5th Cir. 2023) (citations omitted); *see also Dist. of Columbia v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 15 (D.D.C. 2020) (requiring same showing for the issuance of a § 705 stay). In the current posture, Plaintiff cannot meet this burden for a variety of reasons. And, for all the reasons previously set forth in Defendants' briefing, as well as "[b]ecause all four elements must be present to obtain a preliminary injunction," the Court should deny Plaintiff's Motion. *See MaxMed Healthcare, Inc. v. Burwell*, No. SA:14-cv-988-DAE, 2015 WL 1310567, at *3 (W.D. Tex. Mar. 23, 2015); *see also* Defs.' Opp. to Pl.'s Mot. for Relief Under 5 U.S.C. § 705, Or, Alternatively, for a Prelim. Inj., ECF No. 23; Defs.' Sur-Reply, ECF No. 27; Defs.' Response to Pl.'s Supp. Br., ECF No. 47.

Dated: February 23, 2024    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Taylor Pitz*
TAYLOR PITZ (CA Bar No. 332080)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
FAITH LOWRY (TX Bar No. 24099560)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-5200
Email: taylor.n.pitz@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On February 23, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Taylor Pitz
Trial Attorney
U.S. Department of Justice