IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BLAKE J. WATTERSON; | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-00080 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; | § § § § | |
| STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; | § § § § § | |
| UNITED STATES DEPARTMENT OF JUSTICE; | § § § § | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States; and | § § § § § | |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S UNOPPOSED MOTION TO**

**WITHDRAW MOTION FOR SUMMARY JUDGMENT**

Plaintiff Watterson respectfully moves to withdraw his summary-judgment motion, *see* ECF No. 6, or alternatively, for the Court to abate proceedings related to his summary-judgment motion. He does so for three reasons. First, Watterson's summary-judgment motion is no longer current due to subsequent decisions from other courts. Second, the Court presently lacks jurisdiction over that motion's legal

1

issues because they are pending before the appellate court. And third, the Fifth Circuit disfavors the reinstatement of merits briefing in a district court after the appellate court has been briefed on the case and the case is pending before it.

As a preliminary matter, courts routinely permit withdrawal of summary-judgment motions. *See, e.g. Christopher Bradley Young Bell Cnty. #182224 v. Vega*, 2023 U.S. Dist. LEXIS 204763, *1 (W.D. Tex. Nov. 15, 2023); *Tallman v. Gugler*, 2023 U.S. Dist. LEXIS 139431, *8 (E.D. Wis. Aug. 10, 2023); *Suprock v. Quantum Energy, Inc.*, 676 F. Supp. 3d 891, 893 (D. Nev. 2023); *Ragsdale v. Confer*, 2022 U.S. Dist. LEXIS 64131, *4-5 (W.D.N.Y. Apr. 6, 2022); *Addis v. McKinley Med., LLC*, 2011 U.S. Dist. LEXIS 25859, *6 (D. Or. March 8, 2011); *Haas v. Woods*, 2003 U.S. Dist. LEXIS 10078, *8-9 (N.D. Tex. June 13, 2003). Granting such a motion is especially appropriate where, like here and unlike in the foregoing cases, the opposing party has not filed anything in response and there are no pending motions or cross motions in the line of briefing, and also where "additional information . . . gives the[ party] good cause to" withdraw its motion. *Suprock*, 676 F. Supp. 3d at 893 (finding that additional information learned in discovery warranted the withdrawal of a summary-judgment motion).

During the fifteen months since Watterson filed his summary-judgment motion, the case law on the issues presented in that motion has changed in significant ways.[1] The Department did not file its response to that motion either by the initial

---

[1] *See, e.g., Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023) (affirming that plaintiff was likely to succeed on the merits of his Second Amendment claims); *Britto v. ATF*, 2023 U.S. Dist. LEXIS 200933 (N.D. Tex. Nov. 8, 2023) (staying the Rule in its entirety);

2

deadline or by the extended deadline it proposed, and has filed no response to date. *See* ECF Nos. 28, 30. Granting it the ability to respond so long after Watterson's motion—in an entirely different posture under Watterson's appeal, and within an entirely different legal landscape—would put the parties on entirely different footings for purposes of that briefing. The better path is to withdraw the pending motion for summary judgment and, after resolution of the appeal and related cases, re-file and re-brief summary judgment at the appropriate time.

This case itself has also changed dramatically: it has been through preliminary-injunction briefing at the district court, and both motion-to-dismiss and merits briefing at the appellate court. *See* ECF Nos. 7, 23, 25, 27, 37, 42, 60; *Watterson v. ATF*, No. 23-40556 (5th Cir.), ECF Nos. 8, 30, 34, 35, 39, 41, 68, 80, 88. Although Watterson and the Department were able to incorporate current case law into their preliminary-injunction briefing, the same could not be said if summary-judgment briefing were to resume now. Instead, the parties would be operating on an unequal field, having briefed the issues at considerably different times. It is

---

*Second Amend. Found. v. ATF*, 2023 U.S. Dist. LEXIS 202589 (N.D. Tex. Nov. 13, 2023); *Texas v. ATF*, 2023 U.S. Dist. LEXIS 193593 (S.D. Tex. Oct. 27, 2023); *Texas Gun Rights, Inc. v. ATF*, 2023 U.S. Dist. LEXIS 217508 (N.D. Tex. Oct. 4, 2023); *Second Amend. Found. v. Garland*, No. 23-11157, ECF No. 32-2 (5th Cir. Dec. 22, 2023) (consolidating the foregoing cases on appeal). *See also, e.g.*, *Vanderstok v. Garland*, 86 F.4th 179 (5th Cir. 2023); *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023); *Baird v. Bonta*, 81 F.4th 1036 (9th Cir. 2023); *Range v. Att'y Gen. of the United States*, 69 F.4th 96 (3d. Cir. 2023); *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023); *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023); *Duncan v. Bonta*, 83 F.4th 803 (9th Cir. 2023); *Md. Shall Issue, Inc. v. Moore*, 86 F.4th 1038 (4th Cir. 2023); *NRA v. ATF*, 2024 U.S. Dist. LEXIS 57557 (N.D. Tex. Mar. 29, 2024); *Firearms Regul. Accountability Coal, Inc. v. Garland*, 2023 U.S. Dist. LEXIS 161546 (D.N.D. Sept. 12, 2023).

therefore proper for Watterson to withdraw his summary-judgment motion at this time, or at least for the Court to abate summary-judgment proceedings to allow the Fifth Circuit to rule on Watterson's preliminary-injunction motion first.

Furthermore, the Fifth Circuit has made clear that a notice of appeal from an interlocutory order "divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. ex. rel. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). It is true that "where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Id*. at 564-65. However, "[h]ow broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Id*. at 565. An issue in the district court is an "aspect[] of the case involved in the appeal" if the appeal and the claims before the district court address the same legal question. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 909 (5th Cir. 2011). Specifically, the Fifth Circuit is "concerned with the simultaneous exercise of jurisdiction by a district court and a court of appeals, because that could lead to both courts' deciding the same issue—in [some] case[s], the judgment." *Id*. at 908-09.

Here, that is precisely what would occur if summary-judgment briefing were to continue. There is no factual dispute and this Court's ruling on Watterson's preliminary-injunction motion thoroughly analyzed the likelihood of success on the merits of his claims, as does Watterson's appeal. Consequently, resuming summary-judgment briefing means "both courts would be simultaneously trying to answer the same question:" the merits of Watterson's claims. *Id*. at 909. This, too, indicates that the more appropriate course of action, at this particular juncture, would be for

4

Watterson to withdraw his summary-judgment motion, or for this Court to abate summary-judgment briefing until the Fifth Circuit has provided guidance on the very same issues before the district court.

Finally, the Fifth Circuit has recently expressed its strong disfavor for a district court's proceeding with the adjudication of legal issues while the case is on appeal. In *United States v. Abbott*, the district court "had been relatively inactive for the five months following its preliminary injunction hearing and did not set a trial date until just two days after [the appellate] court decided to rehear the case *en banc*." No. 23-50632, 92 F.4th 570, 572 (5th Cir. Feb. 9, 2024) (en banc) (Willett, J., concurring). The Fifth Circuit noted that the district court had not shown a "persistent disregard of the Rules of Civil Procedure" warranting mandamus relief, *id.* at 573, but the court nevertheless expressed concerns that "the litigation posture that [the district court] created" would "parallel [the appellate] court's en banc review," *id.* at 571 (Jones, J., concurring). Many of the appellate court's judges were concerned this posture could "thwart [their] en banc proceedings," and would have "grant[ed] mandamus relief . . . out of respect for [their] own authority as an en banc appellate court" and because of the "public importance and exceptional character" of the case. *Id.* at 576-77 (Ho, J., dissenting) (quotation omitted).

Here, the facts bear some similarity. The morning after Watterson filed his final brief in his appeal of this case's preliminary-injunction motion, the Court reinstated briefing on the summary-judgment motion for which the Department's response lapsed over one year ago. *See* ECF Nos. 28, 30. This case also involves

5

constitutional and statutory issues of "profound importance." *Abbott*, 92 F.4th at 577 (Ho, J., concurring). A decision on the summary-judgment motion could "thwart" the long line of briefing that has now been completed and which the appellate court requested. *See Watterson*, No. 23-40556 (5th Cir.), ECF Nos. 8, 30, 34, 35, 39, 41, 68, 80, 88. This would undermine the appellate court's authority over the issues currently before it, and consequently make inefficient use of judicial resources across the court system.

For the foregoing reasons, Watterson respectfully moves this Court to withdraw his summary-judgment motion and, alternatively, moves this Court to abate proceedings related to that motion until the appellate court provides a decision on the preliminary-injunction briefing currently before it.

Date: May 23, 2024,  Respectfully submitted,

*/s/ Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
MATTHEW MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
CLAYTON WAY CALVIN
Texas Bar No. 24132780
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using this Court's CM/EMF system, which will notify all counsel of record of such filing.

*/s/ Matthew Miller*
MATTHEW MILLER

**CERTIFICATE OF CONFERENCE**

I hereby certify, pursuant to Local Rule CV-7(i), that (1) I complied with the meet and confer requirement in Local Rule CV-7(h), and (2) this motion is unopposed.

                                                */s/ Matthew Miller*
                                                MATTHEW MILLER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| BLAKE J. WATTERSON; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00080 |
| | § | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; | § | |
| | § | |
| STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; | § | |
| | § | |
| UNITED STATES DEPARTMENT OF JUSTICE; | § | |
| | § | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States; and | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendants.* | § | |

## **[PROPOSED] ORDER**

Pending before the Court is the Plaintiff's Motion to Withdraw Motion for Summary Judgment. That Motion is hereby GRANTED.

It is SO ORDERED.